IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT L. WARD,

    **Plaintiff,**

    v.                                                       CASE NO. 20-3037-SAC

BRIAN ANSTEY, et. al,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Robert L. Ward is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 6.) Plaintiff is a pretrial detainee at the Lyon County Adult Detention Center in Emporia, Kansas ("LCADC").

Plaintiff alleges that on January 6, 2020, he was locked inside the library from around 7:00 p.m. until 11:46 p.m., without access to food, water or a restroom. Plaintiff alleges that normally the door is propped open with a book, but the door was shut. Plaintiff alleges that he kicked the door and flashed the lights but no one noticed he was locked in the library for over four hours. Plaintiff alleges that Cierra Hall conducted the 10 p.m. cell count and counted Plaintiff present in his cell even though he was locked in the library. Plaintiff was discovered at 11:46 p.m. and returned to his cell.

Plaintiff alleges that he suffered chest pains due to the stress, as well as mental anguish, depression, sore throat, dry mouth, stomach cramps, bladder pain from holding urine, anxiety, fear of guards, and claustrophobia. Plaintiff seeks to have medical exams and 4.46 million dollars in compensatory damages for "pain, suffering, mental health issues, plus physical stress." (Doc. 1, at 8.) Plaintiff asserts that the request for 4.46 million dollars in damages is for the 4.46 hours he was locked in the library. Plaintiff also seeks 10% of the total for each day they prevent him from filing a report to the KBI and FBI regarding the incident.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Conditions of Confinement

Plaintiff alleges that while he was a pretrial detainee at the LCADC, he was locked in the library for four hours and forty-six minutes on one occasion. Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (citations omitted). "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Id*. (citations omitted). The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37. To determine when restrictions pass, as matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013). "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective." *Id*. (citing *Bell*, 441 U.S. at 538–39).

Plaintiff has not alleged an intent to punish on the part of staff at the LCADC, nor that the lock on the library door was a restriction bearing no reasonable relationship to any legitimate governmental objective. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

Plaintiff has not stated a claim for relief based on his conditions of confinement. The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).[1]

---

[1] The court in *Kelley* noted that:

> In *Kingsley v. Hendrickson*, "the Supreme Court held that the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act 'maliciously and sadistically to cause harm,' does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)); *see also Burke*, 935 F.3d at 991 n.9. The "[c]ircuits are split on whether *Kingsley*

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his safety.'" *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019). To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)). However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

Plaintiff has not alleged long-term exposure to the conditions in the library. "An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration." *Id.* (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)). Thus, "[t]ime can play a significant part in a court's analysis of these issues," and "[t]here is . . . a *de minimus* level of imposition with which the Constitution is not concerned." *Kelley*, 2019 WL 6700375, at *10 (citations omitted).

---

> alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," with the Tenth Circuit not yet having decided the issue. *Vallina*, 757 F. App'x at 646–47 (noting that the Second, Seventh, and Ninth Circuits have found *Kingsley* displaces the prior subjective inquiry for conditions of confinement and inadequate medical care claims, while the Fifth, Eighth, and Eleventh Circuits have held that *Kingsley* applies only to excessive force claims).

*Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at n.74 (D. Kan. Dec. 9, 2019).

Plaintiff has failed to allege a sufficiently serious deprivation. In *Kelley*, the plaintiff alleged that he was placed in the intake holding cell overnight, causing him to miss dinner, laundry service, and his daily "hour out." *Id*. at *11. Plaintiff alleged that he had no blanket, mattress or toilet paper, and was left there for roughly twelve hours. *Id*. The court found no constitutional violation and noted that other courts have found no Fourteenth Amendment violation in cases involving similar facts. *Id*. at *11 and n.88 (citing *see, e.g., Ledbetter*, 318 F.3d at 1188 (pretrial detainee's contention that he was placed barefoot in a cell without a toilet for five hours does not allege sufficiently serious deprivation to amount to constitutional violation); *Reynolds v. Comanche Bd. of Cty. Comm'rs*, No. 96-6272, 1997 WL 589182, at *1–2 (10th Cir. 1997) (unpublished) (placement in overcrowded cell without mattress, proper toilet facilities, and hygiene items over period of several months did not constitute punishment in violation of detainee's rights); *Waterman v. Cherokee Cty. Jail*, No. 18-3092-SAC, 2018 WL 3609751, at *1–2 (D. Kan. July 27, 2018) ("The short-term denial of hygienic items, including toothpaste, toothbrushes and toilet paper for 72 hours or sometimes longer do not rise to the level of a constitutional violation.") (collecting cases); *Fillmore*, 891 F. Supp. at 1492–93 (finding no violation where detainee was placed in detoxification cell for several hours without chair, mattress, sink, toilet, blanket, pillow, writing materials, or sufficient amount of toilet paper)).

Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. *See Kingsley*, 135 S. Ct. at 2472 (finding that "defendant must possess a purposeful, a knowing, or possibly a reckless state of mind" because "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process") (citations omitted); *see also McCowan v. Morales*, 945 F.3d 1276, 1284 n.7 (10th Cir. 2019); *Estate of Vallina v. Cty. of Teller Sheriff's Office,* 757 F. App'x 643, 647 n.2 (2018) (noting that "the

Supreme Court has consistently maintained that Fourteenth Amendment claims require 'something more' than mere negligence") (citation omitted).

Plaintiff's negligence claim is subject to dismissal for failure to adequately allege a federal constitutional violation. Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted). Plaintiff's Complaint is subject to dismissal for failure to state a claim.

**2. Detention Facility**

Plaintiff names the LCADC as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention

facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the LCADC are subject to dismissal.

### 3. No Physical Injury

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3037-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **March 31, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 31, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 6, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**