IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. WARD,**

      **Plaintiff,**

      v.                                            CASE NO. 20-3037-SAC

**BRIAN ANSTEY, et. al,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 6.) Plaintiff is a pretrial detainee at the Lyon County Adult Detention Center in Emporia, Kansas ("LCADC"). This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 11.[1]

Plaintiff alleges in his original Complaint (Doc. 1) that on January 6, 2020, he was locked inside the library from around 7:00 p.m. until 11:46 p.m., without access to food, water or a restroom. Plaintiff alleges that normally the door is propped open with a book, but the door was shut. Plaintiff alleges that he kicked the door and flashed the lights, but no one noticed he was locked in the library for over four hours. Plaintiff alleges that Cierra Hall conducted the 10 p.m. cell count and counted Plaintiff present in his cell even though he was locked in the library. Plaintiff was discovered at 11:46 p.m. and returned to his cell.

Plaintiff alleges that he suffered chest pains due to the stress, as well as mental anguish, depression, sore throat, dry mouth, stomach cramps, bladder pain from holding urine, anxiety, fear of guards, and claustrophobia. Plaintiff seeks to have medical exams and 4.46 million

---

[1] The Court's screening standards are set out in detail in the Court's MOSC at Doc. 9.

dollars in compensatory damages for "pain, suffering, mental health issues, plus physical stress." (Doc. 1, at 8.)  Plaintiff asserts that the request for 4.46 million dollars in damages is for the 4.46 hours he was locked in the library.  Plaintiff also seeks 10% of the total for each day they prevent him from filing a report to the KBI and FBI regarding the incident.

On March 6, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff until March 31, 2020, to show good cause why his Complaint should not be dismissed or to file a proper amended complaint.  Plaintiff filed an Amended Complaint (Doc. 11).

The Court found in the MOSC that Plaintiff has not alleged an intent to punish on the part of staff at the LCADC, or that the lock on the library door was a restriction bearing no reasonable relationship to any legitimate governmental objective.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell v. Wolfish*, 441 U.S. 520, 540 (1979).  "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*.  The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."  *Id*. at 540, n.23 (citations omitted).

The Court also found that Plaintiff failed to state a claim for relief based on his conditions of confinement. Plaintiff has not alleged long-term exposure to the conditions in the library. "An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)). Thus, "[t]ime can play a significant part in a court's analysis of these issues," and "[t]here is . . . a *de minimus* level of imposition with which the Constitution is not concerned." *Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019) (citations omitted).

The Court also found that Plaintiff failed to allege a sufficiently serious deprivation. In *Kelley*, the plaintiff alleged that he was placed in the intake holding cell overnight, causing him to miss dinner, laundry service, and his daily "hour out." *Id*. at *11. Plaintiff alleged that he had no blanket, mattress or toilet paper, and was left there for roughly twelve hours. *Id*. The court found no constitutional violation and noted that other courts have found no Fourteenth Amendment violation in cases involving similar facts. *Id*. at *11 and n.88 (citing *see, e.g., Ledbetter*, 318 F.3d at 1188 (pretrial detainee's contention that he was placed barefoot in a cell without a toilet for five hours does not allege sufficiently serious deprivation to amount to constitutional violation); *Reynolds v. Comanche Bd. of Cty. Comm'rs*, No. 96-6272, 1997 WL 589182, at *1–2 (10th Cir. 1997) (unpublished) (placement in overcrowded cell without mattress, proper toilet facilities, and hygiene items over period of several months did not constitute punishment in violation of detainee's rights); *Waterman v. Cherokee Cty. Jail*, No. 18-3092-SAC, 2018 WL 3609751, at *1–2 (D. Kan. July 27, 2018) ("The short-term denial of hygienic items, including toothpaste, toothbrushes and toilet paper for 72 hours or sometimes

longer do not rise to the level of a constitutional violation.") (collecting cases); *Fillmore*, 891 F. Supp. at 1492–93 (finding no violation where detainee was placed in detoxification cell for several hours without chair, mattress, sink, toilet, blanket, pillow, writing materials, or sufficient amount of toilet paper)).

The Court found that Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (finding that "defendant must possess a purposeful, a knowing, or possibly a reckless state of mind" because "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process") (citations omitted); *see also McCowan v. Morales*, 945 F.3d 1276, 1284 n.7 (10th Cir. 2019); *Estate of Vallina v. Cty. of Teller Sheriff's Office,* 757 F. App'x 643, 647 n.2 (2018) (noting that "the Supreme Court has consistently maintained that Fourteenth Amendment claims require 'something more' than mere negligence") (citation omitted).

Plaintiff's Amended Complaint fails to cure the deficiencies set out in the MOSC and fails to state a claim for relief.  Plaintiff claims that Defendant Deputy Brinkman "shut the lock door, instead of proping [sic] open."  (Doc. 11, at 1.)  Plaintiff claims that Defendant Rhonda Schwindt was supervising Brinkman.  Plaintiff claims that where the normal practice was to prop the door to the library open with a book, both defendants intended to punish Plaintiff by locking him inside the law library.  Plaintiff alleges that "Deputy Brinkman, on 1-6-20, opened both gym door, and then the law library, this was supervised by Lt. Rhonda Schwindt.  I entered the law library, I grabbed a book to prop the door, 'normal procedure'.  I stated hold on but Deputy Brinkman purposely shut the law library door."  *Id*. at 4.  Plaintiff acknowledges that the lock on the library door is designed to keep inmates out of the library during gym time or when the gym

is otherwise being used. *Id*. at 6. Plaintiff alleges that because he was not allowed to urinate during the four hours he was locked in the library, he now has problems urinating.

Plaintiff makes the bald conclusion that he was locked in the library as a form of punishment, without any supporting facts. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). As stated in the Court's MOSC, Plaintiff's allegations suggest, at most, negligence.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 5, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**

5